# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MILTON O. CRAWFORD, | Case No. 2:18-cv-01156-APG-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| KROGER COMPANY, | |
| Defendant. | |

Presently before the court is pro se plaintiff Milton O. Crawford's application to proceed *in forma pauperis* (ECF No. 1), filed on June 26, 2018.

Also before the court is plaintiff's motion requesting delivery of summons (ECF No. 2), filed on June 26, 2018.

Also before the court is plaintiff's motion for leave to amend summons (ECF No. 4), filed on October 15, 2018.

Also before the court is plaintiff's motion to strike his application to proceed *in forma pauperis* (ECF No. 5), filed on October 24, 2018.

Also before the court is plaintiff's motion pursuant to U.S.C. Section 2462 (ECF No. 8), filed on December 10, 2018.

Defendant Kroger Company has not responded to plaintiff's motions, but it filed a motion to dismiss (ECF No. 9) plaintiff's complaint.

**I.**   ***IN FORMA PAUPERIS* APPLICATION**

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted.

//

## II. SCREENING COMPLAINT

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, plaintiff's complaint requests default judgment against defendant, Kroger Company, for defendant's alleged actions in litigating in another case. (Compl. (ECF No. 1-2) (referencing *Crawford v. Smith's Food and Drug Store Inc*, 2:12-cv-00122-GMN-GWF).) Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(6). Given that defendant filed a motion to dismiss utilizing the legal standard incorporated into screening a complaint, the court finds it is not in the interests of judicial economy to screen the complaint. This case shall proceed on the normal litigation track as governed by the Federal Rules of Civil Procedure.

## III. SUMMONS

Plaintiff moves for the delivery of the summons and complaint to defendant. Plaintiff also moves to amend the summons. Under Rule 4(b) of the Federal Rules of Civil Procedure:

> [o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.

Given that defendant appeared in this case and filed a motion to dismiss, the court will deny plaintiff's motion for delivery of summons and motion to amend summons as moot.

//

//

//

**IV.  MOTION TO STRIKE APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff moves to strike his application to proceed *in forma pauperis*. Plaintiff argues that he was previously granted *in forma pauperis* status in a prior case, and that the status was not revoked under Local Special Rule 1-5. Local Special Rule 1-5 states:

> The court may, either on the motion of a party or sua sponte, after affording an opportunity to be heard, revoke leave to proceed *in forma pauperis* if the party to whom leave was granted becomes capable of paying the complete filing fee or has willfully misstated information in the application to proceed *in forma pauperis* or affidavit, or has otherwise abused the privilege of proceeding *in forma pauperis*.

LSR 1-5.

This rule addresses the circumstances under which *in forma pauperis* status may be revokeD, but it does not provide that *in forma pauperis* status extends beyond the individual case in which it was granted. In any event, the court has approved plaintiff's request for *in forma pauperis* status in this case. Thus, the court denies plaintiff's request to strike the application to proceed *in forma pauperis*.

**V.  MOTION PURSUANT TO U.S.C. SECTION 2462**

Thus motion is 109 pages long and consists of an amalgam of copy-and-pasted legal authority, filings form other cases, and various other documents. Even liberally construing this motion, it is unclear to the court what relief plaintiff seeks. Plaintiff's failure to file a coherent memorandum of points and authorities in support of his motion constitutes a consent to denial of the motion under Local Rule 7-2(d). The court therefore will deny the motion without prejudice.

**VI.  CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court must detach and file plaintiff's complaint (ECF No. 1-2).

IT IS FURTHER ORDERED that plaintiff's motion requesting delivery of summons (ECF No. 2) is DENIED as moot.

//

1    IT IS FURTHER ORDERED that plaintiff's motion for leave to amend summons (ECF No. 4) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to strike his application to proceed *in forma pauperis* (ECF No. 5) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion pursuant to U.S.C. Section 2642 (ECF No. 8) is DENIED without prejudice.

DATED: January 14, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE