UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MILTON O. CRAWFORD,<br><br>   Plaintiff<br><br>v.<br><br>THE KROGER COMPANY,<br><br>   Defendant | Case No.: 2:18-cv-01156-APG-CWH<br><br>**Order (1) Granting Motion to Dismiss, (2) Granting Request for Notice of Verified Petition, (3) Granting Motion for Leave to File Surreply, (4) Denying Motion to Strike, (5) Denying Motion for Continuance of Scheduling Order, (6) Denying Motion Pursuant to LR 7-2(d), and (7) Granting Motion to File Amended Motion**<br><br>[ECF Nos. 9, 19, 23, 24, 29, 30, 31] |

Plaintiff Milton Crawford previously filed a lawsuit in this court against his former employer, Smith's Food & Drug Centers, Inc. *See Crawford v. Smith's Food & Drug, Centers, Inc. (Crawford I)*, 2:12-cv-00122-GMN-GWF, ECF No. 1-1. He amended his complaint to include as a defendant The Kroger Company. *Crawford I*, ECF No. 16. Crawford obtained a clerk's entry of default against Kroger. *Crawford I*, ECF No. 55. Kroger appeared and moved to set aside the entry of default. *Crawford I*, ECF No. 64. Kroger also moved to dismiss, arguing that Crawford failed to exhaust his administrative remedies as to Kroger and that Kroger was not Crawford's employer. *Crawford I*, ECF No. 71. The presiding judge in that case granted Kroger's motions to set aside the default and to dismiss. *Crawford I*, ECF Nos. 121, 141.

*Crawford I* proceeded against Smith's but was later dismissed after Crawford did not comply with his discovery obligations. *See Crawford I*, ECF Nos. 194, 201. After that dismissal, Crawford filed eight motions for reconsideration, ultimately resulting in the presiding judge declaring him a vexatious litigant and requiring him to move for leave to file any further motions

in that case. *See Crawford I*, ECF Nos. 216, 233, 248.  Crawford thereafter filed a slew of motions for leave to file, all of which were denied. *See Crawford I*, ECF Nos. 250, 261, 269, 275, 297.  The last filing in *Crawford I* was on November 3, 2017. *Crawford I*, ECF No. 297.

Crawford filed the complaint in this action against Kroger on June 26, 2018. ECF No. 1-2.  He alleges that Kroger defaulted in the prior case, so he is entitled to judgment against Kroger in this case. *Id.* at 6.  He contends that the presiding judge in *Crawford I* either erred or was fraudulently induced to set aside the default because two of the three attorneys purporting to represent Kroger were not Nevada licensed and did not file verified petitions to appear on behalf of Kroger (rather, they had petitioned to represent only Smith's). *Id.* at 6-7.  Crawford alleges that because Kroger defaulted in the prior action and the default should not have been set aside, he is entitled to a default judgment in this case in the amount of $300,000 for lost wages and $10 million in punitive damages that he would have recovered in the other action. *Id.* at 7-8.

Kroger moves to dismiss, arguing that (1) it was not properly and timely served with the summons and complaint, (2) Crawford cannot obtain a default in this case based on what happened in *Crawford I*, and (3) any claim in this case would be barred by preclusion principles.  Crawford filed two responses, one stating that he did not receive the motion and another responding substantively to it after he obtained a copy. ECF Nos. 11, 18.  Crawford argues that he sent a waiver of service to Kroger, the issues of fraud on the court and the unauthorized practice of law related to the verified petitions were not litigated in the prior case, and the attorneys who appeared in *Crawford I* lacked authority to file the motion to set aside the default on Kroger's behalf.

Kroger opted to appear in this case and moved to dismiss before Crawford's complaint was screened.  Ordinarily, service would not be accomplished until after screening.  Indeed,

2

because Kroger appeared in this action, the Magistrate Judge denied Crawford's motion for delivery of the summons and complaint to Kroger. *See* ECF No. 21 at 2. I therefore deny Kroger's motion to dismiss on the basis that it was not timely and properly served.

I grant Kroger's motion on other grounds. First, Crawford's attempt to obtain a default judgment in this case based on Kroger's alleged default in *Crawford I* is procedurally improper. Kroger has not defaulted in this case.

Additionally, Crawford is precluded from relitigating the issue of whether Kroger defaulted in the prior case. "The preclusive effect of a federal-court judgment is determined by federal common law."[1] *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Issue preclusion applies when:

> (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (quotation omitted).

Crawford had a full and fair opportunity to litigate the default issue in the prior action, the issue of whether Kroger defaulted was actually litigated in *Crawford I*, and it was a critical and necessary part of the decision to set aside the default and subsequently grant Kroger's motion to dismiss. The judgment in *Crawford I* is final. Crawford therefore is precluded from relitigating this issue.

To the extent Crawford is attempting to bring an independent action to set aside the judgment in *Crawford I* on grounds of fraud on the court, that issue also was litigated in

---

[1] *Crawford I* alleged violations of Crawford's civil rights and referred to the United States Constitution. *Crawford I*, ECF No. 1-1 at 3. Consequently, his claims arose under federal question jurisdiction, so I need not look to state law to determine the preclusive effect of a federal judgment in a diversity action. *See Taylor*, 553 U.S. at 891 n.4.

*Crawford I*. After his appeal was dismissed, Crawford moved to set aside the judgment under Federal Rule of Civil Procedure 60(d)(3) based on fraud on the court. *Crawford I*, ECF No. 296. In that motion, Crawford argued that the defense attorneys committed a fraud on the court because they were not appointed to represent Kroger as shown by the verified petitions. *Id.* The presiding judge denied the motion. *Crawford I*, ECF No. 297.

Even if the issue of fraud on the court was not precluded in this case, it fails as a matter of law because Crawford does not and cannot plausibly allege a fraud on the court. "An independent action to set aside a judgment for fraud on the court is reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence" to preclusion principles. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (quotation omitted). It "should be available only to prevent a grave miscarriage of justice." *Id.* (quotation omitted). An independent action must rest on "misconduct that harm[s] the integrity of the judicial process" through conduct that defiles or attempts to "defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* (quotation omitted).

Whether two of the three attorneys in *Crawford I* claimed to represent Kroger when they had filed verified petitions to represent only Smith's does not amount to a grave injustice. Kroger's third attorney was a Nevada-licensed attorney who did not need to file a verified petition to represent Kroger in the case. She was listed as an attorney on both the motion to set aside the default and the motion to dismiss. *Crawford I*, ECF Nos. 64, 71. Moreover, the presiding judge in *Crawford I* was well aware of the attorneys' status, as the verified petitions were matters of record on the court docket, so the court could not have been defrauded. And

4

even if it amounted to misconduct for the out-of-state attorneys not to seek permission to also represent Kroger, it did not harm the integrity of the judicial process or operate to deprive the presiding judge of her ability to adjudicate the case in the usual manner.  Because amendment would be futile, I dismiss this action with prejudice. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

IT IS THEREFORE ORDERED that plaintiff Milton Crawford's request that the verified petitions in *Crawford I* be presented as evidence in this case **(ECF No. 19) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff Milton Crawford's motion for leave to file a surreply **(ECF No. 23) is GRANTED**.  I have considered both of Crawford's responses to the motion to dismiss.

IT IS FURTHER ORDERED that plaintiff Milton Crawford's motion to strike the motion to dismiss **(ECF No. 24)** and motion under Local Rule 7-2(d) **(ECF No. 30) are DENIED**.

IT IS FURTHER ORDERED that plaintiff Milton Crawford's motion for continuance **(ECF No. 29) is DENIED as moot**.

IT IS FURTHER ORDERED that plaintiff Milton Crawford's motion for leave to file an amended motion **(ECF No. 31) is GRANTED**.  I have considered Crawford's amended motion in issuing this order.

IT IS FURTHER ORDERED that defendant The Kroger Company's motion to dismiss **(ECF No. 9) is GRANTED**.  Plaintiff Milton Crawford's complaint **(ECF No. 1-2) is DISMISSED with prejudice**.  The clerk of court is instructed to enter judgment in favor of defendant The Kroger Company and against plaintiff Milton Crawford.

DATED this 8th day of February, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE